U.S. Courts
Rec'd_____ Filed 9:48 am
JUL 26 2004
Cameron S. Burke
Clerk, Idaho

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROLAND HINKSON,<br><br>Defendant. | Case No. CR-04-127-C-RCT<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is the Defendant's Motion to Dismiss for Lack of *In Personam* and Subject Matter Jurisdiction Under Rule 12 (Docket # 6), his Memorandum in support (Docket # 7), and the United States' opposition (Docket # 19). For the reasons discussed below, the Court DENIES the Defendant's motion.

## BACKGROUND

The Defendant, David Roland Hinkson, is charged with soliciting other persons to murder a United States District Judge, an Assistant United States

MEMORANDUM DECISION AND ORDER - 1

Attorney, and an Internal Revenue Service ("IRS") Special Agent, as well as threatening to do bodily harm to their family members, while on pretrial release in another pending federal criminal case also filed in this District. (Docket # 1). In that case, *United States of America v. David Roland Hinkson*, CR-02-0142-C-EJL (the "Tax Case"), on July 17, 2002, a federal grand jury had indicted the Defendant on multiple counts of income tax and employment tax violations, structuring financial transactions to avoid currency transaction reporting requirements, and introducing misbranded drugs and devices into interstate commerce. All of these solicitations and threats are alleged to have occurred in the District of Idaho after the Defendant had been arrested on November 21, 2002, and thereafter placed on pretrial release in the Tax Case. A jury heard the evidence in the Tax Case and returned verdicts of guilty on May 5, 2004, as to all 26 counts presented at trial.

The charges in the present case (the "Solicitation Case") stem from the Defendant's alleged threats of harm and solicitation of persons to murder three officers of the United States who were involved in the Tax Case: the trial judge, the federal prosecutor, and the lead case agent from the IRS, along with members of their families. In counts one through six of the Indictment in the Solicitation Case, the grand jury alleges that on or about January 2003 and March 17, 2003, the Defendant solicited a person identified as "JH" to murder these three federal

MEMORANDUM DECISION AND ORDER - 2

officers. In counts seven through nine, the grand jury alleges that between December 2002 and February 2003, the Defendant solicited a person identified as "EJS" to do the same. Counts ten and eleven allege that between January and March 31, 2003, the Defendant told a person identified as "AB" of his threats to murder the children of the Assistant United States Attorney and the IRS Special Agent.

## DISCUSSION

The Defendant's motion refers to Federal Rule of Civil Procedure 12. *See* FED. R. CIV. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(2) (lack of personal jurisdiction). However, as this is a criminal matter, the Court will consider his motion under Federal Rule of Criminal Procedure 12(b)(3)(B) (permitting defendants to contest jurisdiction or defects in the indictment in pretrial motions to dismiss).

### I. Motion to dismiss for lack of personal jurisdiction

The Defendant contends that this court lacks personal jurisdiction over him because the "DAVID ROLAND HINKSON" named as the defendant in the Indictment is a fictitious person who bears no relation to the real David Roland Hinkson, the natural person challenging these proceedings. *See* Motion ¶ 3; Exhibit A ¶ 1. This argument is frivolous and rests on a nonsensical argument that

MEMORANDUM DECISION AND ORDER - 3

attempts to establish a substantive difference in the use of capital letters to denote the parties to a legal action—a common typographical convention in judicial pleadings that does not affect the Defendant's substantive rights nor deprive this court of personal jurisdiction over him.

The Defendant next argues that he is not "effectively connected" to the territorial jurisdiction of the United States sufficient to invest this court with *in personam* jurisdiction over him. *See* Motion ¶¶ 6. He explains in his affidavit (Exhibit A) that he does not owe any debts to the United States, nor has he engaged in business with the federal government. *See* Exhibit A ¶¶ 2–3. In addition, he claims that the United States government deceived him into believing that he needed a Social Security account number that he presumably now rejects. *See* Exhibit A ¶¶ 4–7. There is no merit to these arguments. Whether the Defendant has engaged in business with the United States and whether his Social Security account was fraudulently obtained are irrelevant to a determination of this court's personal jurisdiction over him in this criminal matter.

The Defendant also contends that he is not a United States citizen under the Fourteenth Amendment. *See* Exhibit A ¶ 11. This argument is frivolous and has been repeatedly rejected as such by numerous state and federal courts, typically in tax cases. *See, e.g., United States v. McDonald*, 919 F.2d 146 (9th Cir. 1990).

MEMORANDUM DECISION AND ORDER - 4

## II. Motion to dismiss for lack of subject matter jurisdiction

As best the court can understand the proffered defense, the Defendant apparently claims that during all relevant times he has been physically present only in the State of Idaho, and not in federally-owned land, territories of the United States, or in the District of Columbia. He argues in effect that states are separate from the sovereignty of the United States of America and therefore he is not presently within lands over which there exists federal sovereignty. He also argues that his lack of interstate travel somehow bars this court's subject matter jurisdiction over crimes against federal officers under the Commerce Clause. *See* Motion ¶¶ 4–5. These arguments are frivolous and without merit. Congress has vested federal district courts with subject matter jurisdiction over "all offenses against the laws of the United States[,]" 18 U.S.C. § 3231, regardless of whether or not the crime is alleged to have occurred on federally-owned property or whether there is a nexus to interstate commerce.

Although Congress has enacted certain criminal offenses listed in Title 18 of the United States Code pursuant to its broad power under the Commerce Clause (and although some offenses may exceed the reach of federal power, *see, e.g., United States v. Lopez*, 514 U.S. 549, 561-62 (1995)), the provisions codified at 18 U.S.C. §§ 114 and 1115 are not among them. The Supreme Court has expressly

MEMORANDUM DECISION AND ORDER - 5

held that threats of physical harm against federal officers implicate a strong federal interest that gives rise to subject matter jurisdiction in federal courts. *See United States v. Feola*, 420 U.S. 671, 677 (1975); *Watts v. United States*, 394 U.S. 705, 707 (1969). This court's jurisdiction to hold the Defendant to answer the Indictment in the Solicitation Case does not depend on a connection between the Defendant's alleged criminal activities and interstate commerce.

### III.  Motion to dismiss for lack of standing or a real party in interest

The Defendant next argues that the Plaintiff United States is not recognized as a principal under 18 U.S.C. § 2. *See* Motion ¶ 1. Section 2 provides that any person who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission" may be punished as a principal, as may those who willfully cause such acts to be done by others. This section describes those *defendants* who may be held criminally liable as principals for offenses committed *against* the United States, *see United States v. Sannicandro*, 434 F.2d 321, 323-24 (9th Cir. 1970); it imposes no obligation on the United States, as the plaintiff in a federal criminal case, to be recognized as a principal for purposes of a defendant's liability for criminal acts performed in concert with others.

The Defendant also asserts that the United States lacks standing under 18

MEMORANDUM DECISION AND ORDER - 6

U.S.C. § 5 (defining the United States for purposes of Title 18 in "a territorial sense," including all land and waters subject to federal jurisdiction) to bring these criminal charges against him. *See* Motion ¶ 1. This argument is without merit. A federal offense, as charged in the multiple counts of the Indictment in the Solicitation Case, is "an offense against the United States," *see* 18 U.S.C. 2, and federal criminal proceedings are properly brought in the name of the United States as the sovereign who has suffered an injury in fact. *See United States v. Nixon*, 418 U.S. 683, 694 (1974) (noting that a criminal prosecution is "a judicial proceeding in a federal court alleging violation of federal laws and is brought in the name of the United States as sovereign.") The United States clearly has standing to prosecute violations of federal criminal statutes, particularly where it is alleged that the sovereign's officers and agents have been the victims of the crimes charged arising from the performance of their official duties on behalf of the sovereign.

Finally, the Defendant claims that the Plaintiff "UNITED STATES OF AMERICA" does not exist under Title 18, and that this matter should be dismissed for lack of a real party in interest under Federal Rule of Civil Procedure 17(a). Motion ¶ 2. However, the Federal Rules of Civil Procedure do not apply to criminal cases, *see* FED. R. CIV. P. 1, and the United States is the proper plaintiff in

MEMORANDUM DECISION AND ORDER - 7

this criminal case. Again, the use of capital letters to denote the identify of the plaintiff has no legal effect that would give rise to a defense against proceeding with this criminal prosecution.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss for Lack of *In Personam* and Subject Matter Jurisdiction Under Rule 12 (Docket # 6) is DENIED. The Clerk shall transmit uncertified copies of this Order to all counsel and to the Defendant.

DATED this 23rd day of July, 2004, in Seattle, Washington.

RICHARD C. TALLMAN
United States Circuit Judge
for the Ninth Circuit, sitting by designation

MEMORANDUM DECISION AND ORDER - 8

dkh

United States District Court
for the
District of Idaho
July 27, 2004

* * CLERK'S CERTIFICATE OF MAILING * *

Re:  3:04-cr-00127

I certify that I caused a copy of the attached document to be mailed or faxed to the following named persons:

Dena Douglas-Patterson, Esq.
US Dept of Justice
601 D Street, NW
Washington, DC  20005

Michael Patrick Sullivan, Esq.
US Dept of Justice
601 D Street, NW
Washington, DC  20005

Wesley W Hoyt, Esq.    1-208-926-7554
HC 66 Box 313 A
Kooskia, ID  83539

*Copy of order hand delivered to Dft. Hinkson in Ada County Jail by USMS.  DH*

U.S. Marshal
HAND DELIVERED

Probation
HAND DELIVERED

_____ Chief Judge B. Lynn Winmill
_____ Judge Edward J. Lodge
_____ Chief Magistrate Judge Larry M. Boyle
__✓__ Magistrate Judge Mikel H. Williams

Visiting Judges:
_____ Judge David O. Carter
_____ Judge John C. Coughenour
_____ Judge Thomas S. Zilly

Cameron S. Burke, Clerk

Date:  7-27-04          BY:  _____
                              (Deputy Clerk)