BARRY M. SABIN
ACTING UNITED STATES ATTORNEY

MICHAEL P. SULLIVAN
SPECIAL ASSISTANT UNITED STATES ATTORNEY

DENA DOUGLAS-PATTERSON
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
601 D STREET, NW
WASHINGTON, DC 20005
TELEPHONE: (202) 353-3116

# ORIGINAL

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 04-0127-C-RCT |
| | ) | |
| Plaintiff, | ) | SUPERCEDING INDICTMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID ROLAND HINKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this indictment:

1. The defendant, DAVID ROLAND HINKSON, was the owner and operator of the business Water Oz in Idaho County, Idaho;

2. Edward J. Lodge was a United States District Court Judge for the District of Idaho assigned as the principal judge hearing federal civil and criminal cases in the Northern and Central Divisions of the District of Idaho, in Moscow and Coeur d' Alene;

3. Nancy D. Cook was an Assistant United States Attorney (AUSA) for the District of Idaho assigned to the Coeur d'Alene branch office and specifically assigned to the grand jury investigation of and subsequent prosecution of defendant DAVID ROLAND HINKSON on federal criminal charges arising out of his operation of the business Water Oz in the case titled United States of America v. David Roland Hinkson, Cr. No. 02-142-C-EJL;

4. Steven M. Hines was the Internal Revenue Service, Criminal Investigation Division, Special Agent assigned to the criminal investigation of defendant DAVID ROLAND HINKSON and his business, Water Oz;

5. Beginning in approximately the summer of 2000, the Internal Revenue Service, Criminal Investigation Diviaion, through Special Agent Steven M. Hines, initiated a criminal investigation into whether defendant DAVID ROLAND HINKSON had failed to file income tax returns and to account for, collect and pay employment taxes for his Water Oz workers. In the summer of 2000, Special Agent Hines sent defendant DAVID ROLAND HINKSON a letter informing him of the criminal investigation.

6. In July of 2001, Assistant United States Attorney Nancy D. Cook caused grand jury subpoenas to be prepared and served on certain Water Oz employees for their appearance at the grand jury in Coeur d'Alene in September of 2001 in connection with the investigation into defendant DAVID ROLAND HINKSON's tax violations. The subpoenas bore AUSA Cook's name and were served by Special Agent Hines. At least one Water Oz employee discussed the requested grand jury appearance with defendant DAVID ROLAND HINKSON.

7. On April 16, 2002, defendant DAVID ROLAND HINKSON filed a civil suit against Special Agent Hines, AUSA Cook, and others in the United States District Court for the District of

2

Idaho, Case No. CV 02-171-C. The case ultimately was assigned to Judge Lodge.

8. On July 17, 2002, a federal grand jury in Coeur d'Alene returned a 43 count indictment charging defendant DAVID ROLAND HINKSON with three counts of failure to file an income tax return, thirteen counts of failure to account for, collect and pay over employment taxes, four counts of introducing and causing to be delivered for introduction into interstate commerce a misbranded drug, four counts of introducing and causing to be delivered for introduction into interstate commerce an adulterated drug, one count of introducing and causing to be delivered for introduction into interstate commerce a misbranded device, one count of introducing and causing to be delivered for introduction into interstate commerce an adulterated device, sixteen counts of structuring financial transactions and one count of criminal forfeiture.

9. On November 21, 2002, defendant DAVID ROLAND HINKSON was arrested by Special Agent Hines and others and made his initial appearance on the charges contained in the July 17, 2002 indictment. The criminal case also was assigned to Judge Lodge.

10. On February 11, 2003, Judge Lodge dismissed the civil case in its entirety.

COUNT ONE
(Violation 18 U.S.C. §373)

11. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

12. In or about early-to-mid January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly

corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder United States District Court Judge Edward J. Lodge, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

COUNT TWO
(Violation 18 U.S.C. §373)

13. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

14. In or about early-to-mid January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder Assistant United States Attorney Nancy D. Cook, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

COUNT THREE
(Violation 18 U.S.C. §373)

15. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

16. In or about mid-to-late January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in conduct constituting a felony that has as an element the use of physical force against the person

4

of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder Internal Revenue Service Special Agent Steven M. Hines, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

## COUNT FOUR
(Violation 18 U.S.C. §373)

17. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

18. On or about March 17, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder United States District Court Judge Edward J. Lodge, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

## COUNT FIVE
(Violation 18 U.S.C. §373)

19. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

20. On or about March 17, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in

conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder Assistant United States Attorney Nancy D. Cook, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

## COUNT SIX
(Violation 18 U.S.C. §373)

21. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

22. On or about March 17, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that JH engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade JH to engage in such conduct, that is, to murder Internal Revenue Service Special Agent Steven M. Hines, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

## COUNT SEVEN
(Violation 18 U.S.C. §373)

23. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

24. Between about December 2002 and January 2003, the precise date being unknown to the

6

grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that

EJS engage in conduct constituting a felony that has as an element the use of physical force against

the person of another in violation of the laws of the United States, and under circumstances strongly

corroborative of that intent, did solicit, command, induce and endeavor to persuade EJS to engage

in such conduct, that is, to murder United States District Court Judge Edward J. Lodge, an officer

and employee of the United States, in violation of Title 18, United States Code, Section 1114; in

violation of Title 18, United States Code, Section 373.

COUNT EIGHT
(Violation 18 U.S.C. §373)

25. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their

entirety and incorporated by reference herein.

26. Between about December 2002 and January 2003, the precise date being unknown to the

grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that

EJS engage in conduct constituting a felony that has as an element the use of physical force against

the person of another in violation of the laws of the United States, and under circumstances strongly

corroborative of that intent, did solicit, command, induce and endeavor to persuade EJS to engage

in such conduct, that is, to murder Assistant United States Attorney Nancy D. Cook, an officer and

employee of the United States, in violation of Title 18, United States Code, Section 1114; in

violation of Title 18, United States Code, Section 373.

COUNT NINE
(Violation 18 U.S.C. §373)

27. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their

entirety and incorporated by reference herein.

28. In or about January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, with the intent that EJS engage in conduct constituting a felony that has as an element the use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade EJS to engage in such conduct, that is, to murder Internal Revenue Service Special Agent Steven M. Hines, an officer and employee of the United States, in violation of Title 18, United States Code, Section 1114; in violation of Title 18, United States Code, Section 373.

## COUNT TEN
### (Violation 18 U.S.C. §115)

29. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their entirety and incorporated by reference herein.

30. Between about mid-January 2003 and mid-March 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, did unlawfully threaten to murder the children of Assistant United States Attorney Nancy D. Cook by stating to AB, a woman living in his house, that he wanted to kill AUSA Cook's children in front of AUSA Cook, with the intent to impede, intimidate, interfere with and retaliate against AUSA Cook on account of the performance of her official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT ELEVEN
### (Violation 18 U.S.C. §115)

31. Paragraphs 1 through 10 of this superceding indictment are hereby realleged in their

8

entirety and incorporated by reference herein.

32. Between about mid-January 2003 and mid-March 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, willfully and unlawfully did threaten to murder the children of Internal Revenue Service Special Agent Steven M. Hines by stating to AB, a woman living in his house, that he wanted to kill Special Agent Hines' children in front of Special Agent Hines, with the intent to impede, intimidate, interfere with and retaliate against Special Agent Hines on account of the performance of his official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## SENTENCING AGGRAVATORS

33. In or about early-to-mid January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count one of this superceding indictment, knew that the victim, United States District Court Judge Edward J. Lodge, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

34. In or about early-to-mid January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count two of this superceding indictment, knew that the victim, Assistant United States Attorney Nancy D. Cook, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

35. In or about mid-to-late January 2003, the precise date being unknown to the grand jury,

in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count three of this superceding indictment, knew that the victim, Internal Revenue Service Special Agent Steven M. Hines, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

36. In or about early-to-mid January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count one of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

37. In or about early-to-mid January, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count two of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

38. In or about mid-to-late January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count three of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

39. On or about March 17, 2003, the precise date being known to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense

alleged in count four of this superceding indictment, knew that the victim, United States District Court Judge Edward J. Lodge, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

40. On or about March 17, 2003, the precise date being known to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count five of this superceding indictment, knew that the victim, Assistant United States Attorney Nancy D. Cook, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

41. On or about March 17, 2003, the precise date being known to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count six of this superceding indictment, knew that the victim, Internal Revenue Service Special Agent Steven M. Hines, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

42. On or about March 17, 2003, the precise date being known to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count four of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

43. On or about March 17, 2003, the precise date being known to the grand jury, in the

District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count five of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

44. On or about March 17, 2003, the precise date being known to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count six of this superceding indictment, offered JH something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

45. Between about December 2002 and January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count seven of this superceding indictment, knew that the victim, United States District Court Judge Edward J. Lodge, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

46. Between about December 2002 and January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count eight of this superceding indictment, knew that the victim, Assistant United States Attorney Nancy D. Cook, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

47. In or January 2003, the precise date being unknown to the grand jury, in the District of

12

Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count nine of this superceding indictment, knew that the victim, Internal Revenue Service Special Agent Steven M. Hines, was an officer or employee of the United States, and the commission of the offense level was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

48. Between about December 2002 and January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count seven of this superceding indictment, offered EJS something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

49. Between about December 2002 and January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count eight of this superceding indictment, offered EJS something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

50. In or about January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count nine of this superceding indictment, offered EJS something of pecuniary value, to wit: a sum of U.S. currency. The offense level will therefore be enhanced pursuant to §2A1.5(b)(1), U.S. Sentencing Guidelines.

51. Between mid-January 2003 and mid-March 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission

of the offense alleged in count ten of this superceding indictment, knew that the victim, Assistant United States Attorney Nancy D. Cook, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

52. Between mid-January 2003 and mid-March 2003, the precise date being unknown to the grand jury in the District of Idaho, the defendant, DAVID ROLAND HINKSON, in the commission of the offense alleged in count eleven of this superceding indictment, knew that the victim, Internal Revenue Service Special Agent Steven M. Hines, was an officer or employee of the United States, and the commission of the offense was motivated by such status. The offense level will therefore be enhanced pursuant to §3A1.2 (a), U.S. Sentencing Guidelines.

53. In or about January of 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, committed the offenses alleged in counts one, two and three of this superceding indictment while on release. The offense level will therefore be enhanced pursuant to §2J1.7, U.S. Sentencing Guidelines

54. On or about March 17, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, committed the offenses alleged in counts four, five, and six of this superceding indictment while on release. The offense level will therefore be enhanced pursuant to §2J1.7, U.S. Sentencing Guidelines.

55. Between about December 2002 and January 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, committed the offenses alleged in counts seven, eight and nine of this superceding indictment while on release. The offense level will therefore be enhanced pursuant to §2J1.7, U.S. Sentencing Guidelines.

14

56. Between mid-January 2003 and mid March, 2003, the precise date being unknown to the grand jury, in the District of Idaho, the defendant, DAVID ROLAND HINKSON, committed the offenses alleged in counts ten and eleven of this superceding indictment while on release. The offense level will therefore be enhanced pursuant to §2J1.7, U.S. Sentencing Guidelines.

Dated this ___9/___ day of September, 2004.

A TRUE BILL

_____
FOREPERSON

_____
BARRY M. SABIN
ACTING UNITED STATES ATTORNEY

_____
DENA DOUGLAS-PATTERSON
Trial Attorney
United States Department of Justice

_____
MICHAEL P. SULLIVAN
Special Assistant United States Attorney