IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROLAND HINKSON,<br><br>Defendant. | Case No. CR-04-127-C-RCT<br><br>**MEMORANDUM DECISION AND ORDER REGARDING MOTION TO DISMISS THE SUPERSEDING INDICTMENT** |

Pending before the Court is the Defendant's Motion to Dismiss the Superseding Indictment (Docket # 41). For the reasons discussed below, the Court DENIES the Defendant's motion.

## BACKGROUND

The Defendant, David Roland Hinkson, is charged with soliciting other persons to murder a United States District Judge, an Assistant United States

MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 1

Attorney, and an Internal Revenue Service ("IRS") Special Agent, as well as threatening to do bodily harm to their family members, while on pretrial release. All of these solicitations and threats are alleged to have occurred in the District of Idaho after the Defendant was arrested on November 21, 2002, and thereafter placed on pretrial release pending another federal criminal case also filed in this District. In that case, *United States v. Hinkson*, CR-02-0142-C-EJL (the "Tax Case"), a federal grand jury indicted the Defendant on multiple counts of income tax and employment tax violations, structuring financial transactions to avoid currency transaction reporting requirements, and introducing misbranded drugs and devices into interstate commerce under the Food and Drug Act (FDA), 21 U.S.C. § 331(a). Prior to trial, the Defendant entered pleas of guilty to two of the FDA counts. A jury heard the evidence in the Tax Case and returned guilty verdicts on May 5, 2004, as to all 26 counts presented at trial.

The charges in the current case (the "Solicitation Case") stem from the Defendant's alleged threats of harm and solicitation of persons to murder three officers of the United States who were involved in the Tax Case: the trial judge, the federal prosecutor, and the lead case agent from the IRS, along with threats to harm members of their families. In counts one through six of the Superseding Indictment in the Solicitation Case, the Grand Jury alleges that in or about January

MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 2

2003 and again on or about March 17, 2003, the Defendant solicited a person identified as "JH" to murder these three federal officers. In counts seven through nine, the Grand Jury alleges that between about December 2002 and January 2003, the Defendant solicited a person identified as "EJS" to do the same. Counts ten and eleven allege that between about mid-January 2003 and mid-March 2003, the Defendant told a person identified as "AB" about his threats to murder the children of the Assistant United States Attorney and the IRS Special Agent handling the Tax Case. The Superseding Indictment now also includes allegations of sentencing aggravators in light of the Supreme Court's decision in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2541 (2004), while we await the Supreme Court's guidance in *United States v. Booker*, __ U.S. __ (2004), and *United States v. Fanfan*, __ U.S. __ (2004).

## DISCUSSION

The Defendant moves to dismiss the Superseding Indictment on the basis of *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The original Indictment was amended to allege sentencing factors of his knowledge of the status of the alleged victims, his offering of something of pecuniary value, and his pretrial release status in the Tax Case when the alleged solicitation offenses occurred. He asserts that these facts constitute elements of an offense because they must be pled

MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 3

in an indictment and must be proven to a jury beyond a reasonable doubt. He argues that Congress unconstitutionally delegated its power to define crimes to the United States Sentencing Commission and the resulting charge is an unconstitutionally created crime because these elements were adopted not by Congress directly but by the Sentencing Commission.

The Ninth Circuit has rejected the central premise of the Defendant's argument that *Apprendi* requires that any fact enhancing his punishment (that must be pled in an indictment) necessarily constitutes an element of the offense. *See United States v. Toliver*, 351 F.3d 423, 430 (9th Cir. 2003). The *Toliver* court held that a fact that is significant because it exposes a defendant to an increased maximum statutory sentence is only a "functional equivalent of an element" for purposes of *Apprendi*. *Id.* (internal quotations omitted) (noting that courts label "a fact an 'element' under *Apprendi* only because it has a particular effect"). That a court may label a fact as an equivalent to an element "does not transform the fact into an offense 'element.'" *Id.*

The Ninth Circuit extended the reasoning in *Toliver* to allow a defendant to plead guilty to an indictment without admitting facts alleged in the indictment that were not elements of a crime. *See United States v. Thomas*, 355 F.3d 1191, 1194-96 (9th Cir. 2004). In *Thomas*, the court held that although a guilty plea admits

**MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 4**

"all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," a defendant's guilty plea did not admit the drug quantity allegation in the indictment. *Id.* at 1196, 1198 (internal quotation omitted).

Although these cases discuss only the sentencing factors of drug type and quantity, the same reasoning applies here. The additional facts alleged by the Government regarding the Defendant's knowledge and acts are functionally equivalent to elements of a crime and must be pled and proven to a jury by proof beyond a reasonable doubt, but they are not necessary to sustain a binding, final judgment of conviction for the charged offense. The original Indictment would have been sufficient to support a judgment of conviction if the Government had not filed the Superseding Indictment. The changes to the Indictment affect only the Defendant's susceptibility to enhanced punishment were the jury to return a guilty verdict and find the sentencing factors proven by proof beyond a reasonable doubt. Contrary to the Defendant's assertion, *Blakely* does not overrule this Ninth Circuit precedent distinguishing between elements and sentencing factors under *Apprendi*. *Blakely* concerns only whether a jury must adjudicate the facts that allow for an enhanced sentence under a determinant sentencing scheme adopted by a state legislature, 124 S. Ct. at 2537-38; it does not address whether such facts constitute

MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 5

elements of an offense. The Court is therefore bound by *Toliver* and *Thomas* and must reject the Defendant's argument.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss the Superseding Indictment (Docket #41) is DENIED. The Clerk shall transmit uncertified copies of this Order to all counsel and to the Defendant.

DATED this 2nd day of December, 2004, in Seattle, Washington.

*Richard C. Tallman*
RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation

MEMORANDUM DECISION AND ORDER re MOTION TO DISMISS - 6

United States District Court
for the
District of Idaho
December 3, 2004


* * CLERK'S CERTIFICATE OF MAILING * *


Re:  3:04-cr-00127


I certify that I caused a copy of the attached document to be mailed or faxed to the following named persons:


    Michael Patrick Sullivan, Esq.   1-202-514-8714
    US Dept of Justice
    601 D Street, NW
    Washington, DC  20005

    Michael D Taxay, Esq.
    US DEPT OF JUSTICE
    Counterterrorism Section
    950 Pennsylvania Ave, NW
    Washington, DC  20530

    Marla B Tusk, Esq.
    US DEPT OF JUSTICE
    Counterterrorism Section
    950 Pennsylvania Ave, NW
    Washington, DC  20530

    Wesley W Hoyt, Esq.     1-208-926-7554
    HC 66 Box 313 A
    Kooskia, ID  83539

    Thomas J Nolan, Esq.
    600 University Ave
    Palo Alto, CA  94301


    U.S. Marshal
    HAND DELIVERED

    Probation
    HAND DELIVERED

    _____Chief Judge B. Lynn Winmill
    _____Judge Edward J. Lodge
    _____Chief Magistrate Judge Larry M. Boyle
    _____Magistrate Judge Mikel H. Williams

    Visiting Judges:
    _____Judge David O. Carter
    _____Judge John C. Coughenour
    _____Judge Thomas S. Zilly

Date: __12-3-04__

Cameron S. Burke, Clerk

BY: __/s/ WM__
(Deputy Clerk)