Wesley W. Hoyt, ISB #4590
HC 66, Box 313 A
Kooskia, ID 83539
Tel: (208) 926-7553
Fax: (208) 926-7554
Attorney for Defendant

04 DEC 16 PM 4:35

CAMERON S. BURKE
CLERK
IDAHO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: CR-04-0127-C-RCT |
| Plaintiff, ) | DEFENDANT'S OPPOSITION TO |
| vs. ) | GOVERNMENT'S MOTION TO FILE A |
| ) | SUPPLEMENTAL SUBMISSION RE: |
| DAVID R. HINKSON, ) | DEFENDANT'S MOTION TO SUPPRESS |
| ) | ALLEGED CONFESSION |
| Defendant ) | |

COMES NOW defendant, David R. Hinkson, and objects to the Government's Motion for Leave to File a Supplemental Submission Regarding Defendant's Motion to Suppress Defendant's Alleged Confession, served on Defendant's counsel on December 14, 2004 which encompasses a partial transcript of a conversation between defendant and government informant J.C. Harding, captured on a body-wire dated March 27, 2003.

The government's "Supplemental Submission," in effect, seeks to reopen the evidentiary hearing on Mr. Hinkson's Motion to Suppress Defendant's Alleged Confession conducted by this Court on December 7, 2004. At that hearing, Agent William Long testified concerning the circumstances of Mr. Hinkson's April 4, 2003 arrest and the interrogation that followed. At the conclusion of Agent Long's testimony, the government indicated that it had no additional questions for the agent, no additional witnesses and no additional evidence. The evidentiary portion of said hearing was concluded and counsel engaged in detailed argument based upon the facts as presented.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE A SUPPLEMENTAL
SUBMISSION RE DEFENDANT'S MOTION TO SUPRESS ALLEGED CONFESSION      Page 1 of 4

103

The government's "Supplemental Submission," is not in the form of a motion to re-open the evidentiary hearing, nor does it attempt to justify re-opening said hearing, it simply seeks to augment the record with hearsay that has not been proven in the crucible of cross examination. The time for submission of evidence passed at the conclusion of said hearing and if the government failed to inquire of Agent Long about some aspect of the case it now considers important, the proper method is to apply to the Court to re-open the evidentiary hearing based upon stated legal grounds, giving defendant the opportunity to respond. Short of a motion to re-open, the government's "Supplemental Submission" is an attempt to make a procedural end-run.

Further, it would not be proper to consider the government's "Supplemental Submission" as a substitute for a motion to re-open, merely because the government submitted a partial transcript of the March 27, 2003 body-wire, as it relates to an out-of-court conversation between defendant and a third-party witness (J.C. Harding) without first permitting defendant the opportunity to cross-examine said witness as to that conversation and to cross Agent Long regarding the relevance, if any, said conversation had to the April 4, 2003 arrest of Mr. Hinkson. Thus, the motion to consider the government's "Supplemental Submission" should be denied.

However, if this Court is inclined to permit the government to re-open said hearing, then upon a proper motion, response from defendant and a finding of good cause shown, it is requested that the Court set a hearing for the purpose of taking additional evidence and allowing defendant full cross-examination of both Agent Long and J.C. Harding. *Crawford v. Washington*, __ U.S. __, __ S.Ct.__, (March 8, 2004). Additionally, if the government believed that Marianna Raff was a focus of Agent Long's investigation on April 4, 2003, the Government should produce her for testimony at the time of the follow-up hearing.

In all events, the government's reliance upon *Oregon v. Bradshaw*, 462 U.S. 1039 (1983)

is misplaced. The *Bradshaw* case is not relevant to judging the question of a post-hearing submission of evidence from the transcript of an out-of-court conversation not made a part of the record. Nor is *Bradshaw* authority for the question whether the Government should be permitted to re-open the hearing.

In *Bradshaw*, the defendant was arrested for vehicular manslaughter. The Supreme Court held that defendant's actions (on the day after his first *Miranda* rights advisement) in signing a written *Miranda* waiver and then discussing a different incident about which he had previously been questioned, evinced a willingness to discuss the incident under investigation. The distinction here is that Mr. Hinkson had not previously been "questioned" by Agent Long about Raff, rather, Hinkson was the one making the criminal complaint about her activities to the Idaho County Sheriff's Office, a separate law enforcement agency.

The evidence produced at the evidentiary hearing in this case demonstrated that Mr. Hinkson came voluntarily to the sheriff's sub-station at the initiation of a deputy of the Idaho County Sheriff's Office to aid Mr. Hinkson in making a criminal complaint about the theft of money by Ms. Raff. The testimony from Agent Long was that, after his arrest, Mr. Hinkson immediately started talking to Agent Long about Ms. Raff, not about the governmental officials, or their children who were the alleged victims of threats or solicitation of murder. According to Agent Long's testimony, it was only after Long turned the questioning to the allegations of threats against federal officers that Mr. Hinkson made statements about these government officials.

The facts of this case are distinguishable from those in *Bradshaw* because Mr. Hinkson's initial statements about Ms. Raff were not related to the investigation of threats against government officials but rather, were related to another matter not under investigation by Agent

Long. Thus, defendant's post arrest statements about Ms. Raff did not evince a willingness by Mr. Hinkson to talk about the charge of threats against government officials. To accord evidentiary significance to the partial transcript cited by the government in reference to defendant's arrest without allowing him the opportunity for cross examination violates basic notions of Constitutional due process and his right to confront his accusers. *Crawford*, supra.

For these reasons, the Government's Motion to File a Supplemental Submission should be denied, or in the alternative, this Court should set a date to re-open the evidentiary hearing with cross-examination of all witness permitted.

Respectfully submitted this 16th day of December, 2004.

_____
Wesley W. Hoyt

## CERTIFICATE OF SERVICE

I certify that, on this 16th day of December, 2004 I have served a true and correct copy of the forgoing DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE A SUPPLEMENTAL SUBMISSION RE: DEFENDANT'S MOTION TO SUPPRESS ALLEGED CONFESSION upon the persons named below by the method so indicated:

Michael P. Sullivan
Michael D. Taxay
United Sates Department of Justice
950 Penn. Ave., NW
Washington, DC 20530

( ) U. S. Mail, 1st class postage paid
( ) U. S. Certified mail, postage paid
( ) Federal Express
( ) Hand Delivery
(X) Facsimile: 202-514-8714

The Hon. Richard Tallman
United States Courthouse
1200 6th Avenue
21st Floor
Seattle, WA 98101

( ) U. S. Mail, 1st class postage paid
( ) U. S. Certified mail, postage paid
( ) Federal Express
( ) Hand Delivery
(X) Facsimile: 206-553-6306

_____

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE A SUPPLEMENTAL
SUBMISSION RE DEFENDANT'S MOTION TO SUPRESS ALLEGED CONFESSION      Page 4 of 4