Wesley W. Hoyt, ISB #4590
HC 66, Box 313 A
Kooskia, ID 83539
Tel: (208) 926-7553
Fax: (208) 926-7554
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br>DAVID R. HINKSON,<br><br>　　　　　Defendant | Case No.: CR-04-0127-C-RCT<br><br>MOTION TO SUPPRESS STATEMENTS AND REQUEST FOR EVIDENTIARY HEARING |

COMES NOW defendant David R. Hinkson, by and through his attorney, Wesley W. Hoyt, and pursuant to Rule 12(b)(3)(C) Federal Rules of Criminal Procedure moves this Court for an order suppressing any and all statements defendant allegedly made to Chad Croner on or after November 22, 2004.

Said motion is made on the grounds that any statements made after November 22, 2004, were taken in violation of the defendant's Fifth and Sixth Amendment Rights to assistance of counsel. Defendant seeks an evidentiary hearing to establish the facts set forth herein.

1.　Counsel for Defendant was first advised that Chad Croner may be called as a witness in a faxed letter dated December 22, 2004, from Michael P. Sullivan, AUSA.

2.　According to AUSA Sullivan's letter, Croner was an inmate in the Ada County Jail and was placed in the same cell with Mr. Hinkson in mid-November.

3.　No further information regarding the circumstances of defendant's alleged statements has been provided to defense counsel other than in AUSA Sullivan's letter of December 22, 2004.

MOTION TO SUPPRESS STATEMENTS AND
REQUEST FOR EVIDENTIARY HEARING　　　　　　　　　　　　　　　　　　　　　PAGE 1 OF 3

4.      According to AUSA Sullivan's letter, Mr. Croner's attorney made an initial contact with the government on or about November 22, 2004; and after that contact, Croner was placed back in the cell with Mr. Hinkson.

5.      According to said letter, on November 30, 2004, Agent Long first interviewed Mr. Croner. During that interview, Croner said Mr. Hinkson had made numerous admissions.

6.      It is unknown whether there is a tape recording of the interview between Agent Long (or any other government agent), and Mr. Croner.

7.      According to AUSA Sullivan's letter, Agent Long "instructed Croner not to ask Hinkson any questions about his case," however, at the end of the interview, Croner was placed back in the cell with Mr. Hinkson on November 30, 2004.

8.      Croner was interviewed again on December 8, 2004 by AUSA Sullivan and other government personnel, whose names have not been provided at this time. During that interview, Croner claimed that Mr. Hinkson had made further threats against other government officials since the date of the previous interview. No details of these threats or other statements have been provided to defense counsel other than as stated in AUSA Sullivan's letter.

9.      It is believed that at the end of said interview with AUSA Sullivan and other government personnel, Mr. Croner was placed back in the cell with Mr. Hinkson on December 8, 2004, again with instructions not to speak with Mr. Hinkson about his case.

10.     At some point after the conclusion of this interview, Croner was removed from the cell he shared with Mr. Hinkson.

11.     *Massiah v. United States*, 377 U.S. 201 (1964) prohibits any government agent from eliciting incriminating statements once a defendant is represented by counsel. Mr. Croner was acting as a government agent once he reported to the government on November 22, 2004.

12. A statement elicited by an inmate acting as a government agent is subject to exclusion under *Massiah. United States v. Henry*, 447 U.S. 264 (1980). Here, Croner was acting as a government agent because he received compensation or consideration in the form of the benefit of a reduction in his federal sentence as a result of the information allegedly obtained from Mr. Hinkson.

13. For these reasons, any statements made to Croner after November 22, 2004, must be suppressed.

Respectfully submitted this 3rd day of January, 2005.

_____
Wesley W. Hoyt

## CERTIFICATE OF SERVICE

I certify that, on this 3rd day of January, 2005 I have served a true and correct copy of the forgoing MOTION TO SUPPRESS STATEMENTS AND REQUEST FOR EVIDENTIARY HEARING upon the persons named below by the method so indicated:

Michael P. Sullivan
Michael D. Taxay
United Sates Department of Justice
950 Penn. Ave., NW
Washington, DC 20530

( ) U. S. Mail, 1st class postage paid
( ) U. S. Certified mail, postage paid
( ) Federal Express
( ) Hand Delivery
(X) Facsimile: 202-514-8714

The Hon. Richard Tallman
United States Courthouse
1200 6th Avenue
21st Floor
Seattle, WA 98101

( ) U. S. Mail, 1st class postage paid
( ) U. S. Certified mail, postage paid
( ) Federal Express
( ) Hand Delivery
(X) Facsimile: 206-553-6306

_____