Wesley W. Hoyt, ISB #4590
HC 66, Box 313 A
Kooskia, ID 83539
Tel: (208) 926-7553
Fax: (208) 926-7554
Attorney for Defendant



FAX FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: CR-04-0127-C-RCT |
| ) | |
| Plaintiff, ) | |
| vs. ) | MOTION FOR DISCOVERY |
| ) | RELATED TO DEFENDANT'S ALLEGED |
| DAVID R. HINKSON, ) | STATEMENTS TO CHAD CRONER |
| ) | AND DISCOVERY OF THE FULL, |
| Defendant ) | UNREDACTED FBI 302 FOR |
| ) | ATTORNEY BRIT GROOM |

COMES NOW defendant David R. Hinkson, by and through his attorney, Wesley W. Hoyt, and pursuant to Fed. R. Crim. P., Rule 12(b)(3)(E), Rule 16 and Rule 26.2 moves this Court for an order directing the government to produce the following items, in aid of defendant's companion motion, filed contemporaneously herewith, seeking suppression of statements allegedly made by defendant to Chad Croner on or after November 22, 2004.

1.  Said motion for discovery is made on the grounds that such information is properly discoverable by defendant and has been requested by defendant (see attached Exhibit A, defense counsel's letter of December 26, 2004) and the production of which has been denied by the government (see attached Exhibit B, AUSA Sullivan's letter of December 27, 2004 and response to discovery request, see attached Exhibit C, AUSA Sullivan's letter of December 30, 2004).

2.  Defendant submits that if he is denied production of the items requested herein, he cannot effectively defend himself against the new claims by the government that he made admissions to Chad Croner as to existing Counts in the Superseding Indictment nor as to the new claims of

solicitation for the murder of three U.S. officials not mentioned previously.

3.   Defendant also seeks a copy of the full, unredacted version of the FBI 302 written by Agent William Long concerning his interview with Brit Groom, former attorney for defendant, a copy of the undersigned counsel's letter requesting same dated December 29, 2004 is attached hereto as Exhibit D and the Brit Groom FBI 302 of March 15, 2004 as produced by the government is attached hereto Exhibit E and AUSA Sullivan's cover letter of December 20, 2004, transmitting a copy of the redacted version of said FBI 302 for Brit Groom is attached as Exhibit F.

4.   The basis for defendant's assertion that he cannot effectively defend himself is etched in the fundamental rights to effective assistance of counsel and the right of confrontation of witnesses against him as those rights are found in Fifth and Sixth Amendment to the U.S. Constitution. Defendant seeks an order directing the government to produce the following items (as used below, the reference to "Chad Croner and/or David R. Hinkson" refers to all alleged communication between them or any information Chad Croner claims to have obtained from David R. Hinkson and references to "Brit Groom and/or David R. Hinkson" refers to all alleged communications between them or any information Brit Groom claims to have obtained from David R. Hinkson):

   A. A copy of all written communication between each and every agency of the U.S. government and Judge Richard C. Tallman regarding Chad Croner and/or David R. Hinkson;

   B. A copy of all handwritten notes, or notes in any other form, of communications by each representative of every agency of the U.S. government concerning communications with Judge Richard C. Tallman regarding Chad Croner and/or David R. Hinkson;

   C. A copy of all written communications between attorney John Meienhofer and AUSA Wendy Olson regarding Chad Croner and/or David R. Hinkson;;

D. A copy of all written communications between AUSA Wendy Olson and any other person in the U.S. government concerning her communications with attorney John Meienhofer regarding Chad Croner and/or David R. Hinkson;

E. A copy of all handwritten notes, or notes in any other form, by AUSA Wendy Olson concerning her communications with any person regarding Chad Croner and/or David R. Hinkson;

F. A copy of all written communications between each and every representative of the U.S. Attorney's Office and the FBI regarding Chad Croner and/or David R. Hinkson;

G. A copy of all handwritten notes, or notes in any other form, by every person in the U.S. Attorney's Office concerning communications with any person at the FBI regarding Chad Croner and/or David R. Hinkson;

H. A copy of all handwritten notes, or notes in any other form, by every person in the Office of the FBI and any other party regarding Chad Croner and/or David R. Hinkson;

I. A copy of all written communications between FBI Special Agent William Long and/or any person in the U.S. Attorney's Office regarding Chad Croner and/or David R. Hinkson;

J. A copy of all handwritten notes, or notes in any other form, by FBI Special Agent William Long concerning communications with any person regarding Chad Croner and/or David R. Hinkson;

K. A copy of all written communications between FBI Special Agent William Long and/or David A. Meyer, and/or any other person in the U.S. Marshal's Office regarding Chad Croner and/or David R. Hinkson;

L. A copy of all handwritten notes, or notes in any other form, by David A. Meyer and/or any other person in the U.S. Marshal's Office regarding Chad Croner and/or David R. Hinkson;

M. A copy of all correspondence between counsel for Chad Croner and the agencies of the United States including the U.S. Attorney's Office, Probation Department, FBI or any other agency whatsoever;

N. All written reports of communications between Chad Croner and each and every representative of the United States;

O. All written reports concerning communications between Chad Croner and David R. Hinkson;

P. All written reports concerning information obtained by Chad Croner from David R. Hinkson;

Q. All handwritten notes, or notes in any other form, of FBI Special Agent William Long concerning discussions and/or debriefing sessions between Chad Croner and FBI Special Agent William Long;

R. All handwritten notes, or notes in any other form, AUSA Michael P. Sullivan and/or any other member of the U.S. Attorney's Office concerning discussions and/or debriefing sessions involving Chad Croner in which AUSA Michael P. Sullivan and/or any other member of the U.S. Attorney's Office participated;

S. A complete copy of the current Chad Croner's full criminal history with record of all arrests and convictions (defendant notes that AUSA Sullivan produced, as an attachment to his letter of December 30, 2004, attached hereto, a copy of Chad Patrick Croner's NCIC with inquiry date of December 27, 2004, which makes no mention of his Idaho state charges and conviction of allegedly related to fraud for which he was supposedly serving an 18 month sentence commencing on November 10, 2004, that was allegedly reduced to 7 days on November 17, 2004 by the Idaho State Court. Nor is there any mention in said NCIC of Croner's arrest and/or conviction for either the willful failure to file tax returns or bankruptcy fraud, claims made by the government in the paperwork initially produced by the government along with AUSA's letter of December 22, 2004 and the purported Cooperation Agreement. Nor does the NCIC report show Croner's present status and placement as prisoner in a federal penitentiary serving a 21 month sentence subject to a six month reduction as alleged in the purported Cooperation Agreement. Therefore, demand is herewith made for a copy of the NCIC report that shows Chad Croner's recent Idaho State Court conviction(s), the Federal District Court of Idaho convictions, and his present housing status in a federal prison pursuant to a court order.

T. A complete copy of each and every pre-sentence report for Chad Croner relative to his offenses against the United States;

U. Transcripts of all sentencing hearings wherein a plea was discussed and/or taken from Chad Croner (if not transcribed, provide the date, time and courtroom of each such sentencing hearing and the name of the court reporter attending such hearing(s));

V. The name of each person and the name of the agency by whom each such person is employed, who has served or worked as a 'handler' and/or 'government contact' for informant Chad Croner at any time regarding the present case and all other cases, and provide, with respect to each such person, all reports, statements, declarations, notes of conversations or any other written information what-so-ever concerning cases about which he has informed the U.S. government or any state or local government.

W. Provide a copy of all recordings of every communication from David R. Hinkson that was recorded by Chad Croner and all transcripts thereof;

X. Explain each and every reason for the delay by the U.S. Attorney's Office in surrendering information regarding Chad Croner's and David R. Hinkson until December 22, 2004,

when said information was purportedly known to the prosecution as early as November 22, 2004;

Y. With regard to the prior acts of Chad Croner as a government informant state: the name and, if applicable, the case number of each person about whom Chad Croner has provided information to the U.S. government and the date, time and place of each alleged crime about which Chad Croner has provided information to the government in the past prior to the prosecution.

Z. The government has provided on said NCIC report as Chad Croner's date of birth December 16, 1973, and his social security number as 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 but has failed to provide the names of hospitals and doctors from whom he has received treatment in the last 10 years, which are needed to obtain the information necessary to impeach Croner.

AA. The government has agreed to file a motion to unseal the government's §5k1.1 motion in Chad Croner's case and to unseal the PSIR pertaining to Croner and AUSA Sullivan has stated that he will provide defendant with a copy of the §5k1.1 motion and any "favorable-type" information that may be contained in the PSIR. (See attached Exhibit C, AUSA's letter of December 30, 2004.) Defendant seeks the right to review the entire PSIR for Croner, based on the high probability that AUSA Sullivan or his assistants may not see or understand which information is exculpatory or would lead to the discovery of exculpatory evidence for defendant, or may not see or recognize information that would lead to impeachment of Croner and only defendant's counsel can make such determination consistent with defendant's right to effective representation of counsel; to otherwise deny defendant's counsel the opportunity to review the entire PSIR for Croner would be an effective denial of defendant's Fifth and Sixth Amendment right to effective assistance of counsel and the right to confront defendant's accusers.

BB. The government has produced an FBI 302 Report of interview by Agent Long concerning an interview with defendant's former attorney, Brit Groom of March 15, 2004. Said 302 Report has substantial amounts of text redacted and blacked out with magic marker so that it is unreadable. Defendant objects to the cavalier manner in which the government, through its Agent William Long has surreptitiously approached attorney Groom and obtained statements from him without the benefit of counsel for defendant being present. Notwithstanding 500 years of the Anglo-American legal tradition and substantial issues of attorney-client privilege which weigh in the balance, the government has a duty to disclose all information obtained from attorney Groom, including the full and complete unredacted text of said 302 Report, plus all correspondence, notes, writings and other documents related to any communications between Agent Long and Attorney Groom, which defendant now demands be produced.

Respectfully submitted this 3rd day of January, 2005.

_____
Wesley W. Hoyt

MOTION FOR DISCOVERY RELATED TO DEFENDANT'S ALLEGED STATEMENTS TO
CHAD CRONER AND THE FULL UNREDACTED FBI 302 FOR ATTORNEY BRIT GROOM          PAGE 5 OF 6

## CERTIFICATE OF SERVICE

I certify that, on this 3rd day of January, 2005 I have served a true and correct copy of the forgoing MOTION FOR DISCOVERY RELATED TO DEFENDANT'S ALLEGED STATEMENTS TO CHAD CRONER AND THE FULL UNREDACTED FBI 302 FOR ATTORNEY BRIT GROOM upon the persons named below by the method so indicated:

Michael P. Sullivan  
Michael D. Taxay  
United Sates Department of Justice  
950 Penn. Ave., NW  
Washington, DC 20530

( ) U. S. Mail, 1st class postage paid  
( ) U. S. Certified mail, postage paid  
( ) Federal Express  
( ) Hand Delivery  
(X) Facsimile: 202-514-8714

The Hon. Richard Tallman  
United States Courthouse  
1200 6th Avenue  
21st Floor  
Seattle, WA 98101

( ) U. S. Mail, 1st class postage paid  
( ) U. S. Certified mail, postage paid  
( ) Federal Express  
( ) Hand Delivery  
(X) Facsimile: 206-553-6306

*Wesley M. Hoyt* (signature)

# WESLEY W. HOYT
ATTORNEY AT LAW
ADMITTED IN COLORADO AND IDAHO

BANK ONE BUILDING
333 WEST HAMPDEN #500
ENGLEWOOD, COLORADO 80110
TELEPHONE (303) 806-8887 x 39
FACSIMILE (303) 806-8881

HC 66, BOX 313A
KOOSKIA, IDAHO 83539
TELEPHONE (208) 926-7553
TELEPHONE (208) 983-0212

December 26, 2004

Mr. Michael P. Sullivan
U. S. Department of Justice
Counterterrorism Section
10th & Constitution Ave, NW
Washington, DC 20530

Fax: 202-514-4940

   Re:   *United States vs. David R. Hinkson*
         *Case No. CR-04-127*
         *Informant Chad Croner*

Dear Mr. Sullivan:

Thank you for the letter of December 22, 2004 and the attached partial fulfillment of your Brady/Giglio obligation to disclose information regarding informant Chad Croner. Even though I have sent you my Boise contract information during the trial commencing tomorrow, Monday, December 27, 2004, I reiterate the same here for your convenience and to request that any additional disclosures will be faxed to me as indicated below. Note, I will continue to be available on my cell phone at 303-819-7400. My Boise contact information is as follows:

   Wesley W. Hoyt, Attorney
   Extended Stay America
   2500 South Vista Ave.
   Boise, Idaho 83705

Fax: 208-363-9039

Demand is herewith made for the immediate production of the following items relative to government informant Chad Croner and the information the government claims was obtained form David R. Hinkson during the time that informant Croner was jailed with Mr. Hinkson in November and December, 2004 (as used below, the reference to "Chad Croner and/or David R. Hinkson" refers to all alleged communication between them or any information Chad Croner claims to have obtained from David R. Hinkson):



DEFENDANT'S EXHIBIT A

Mr. Michael P. Sullivan
December 26, 2004
Page 2 of 4

1. A copy of all written communication between each and every agency of the U.S. government and Judge Richard C. Tallman regarding Chad Croner and/or David R. Hinkson;

2. A copy of all handwritten notes, or notes in any other form, of communications by each representative of every agency of the U.S. government concerning communications with Judge Richard C. Tallman regarding Chad Croner and/or David R. Hinkson;

3. A copy of all written communications between attorney John Meienhofer and AUSA Wendy Olson regarding Chad Croner and/or David R. Hinkson;;

4. A copy of all written communications between AUSA Wendy Olson and any other person in the U.S. government concerning her communications with attorney John Meienhofer regarding Chad Croner and/or David R. Hinkson;

5. A copy of all handwritten notes, or notes in any other form, by AUSA Wendy Olson concerning her communications with any person regarding Chad Croner and/or David R. Hinkson;

6. A copy of all written communications between each and every representative of the U.S. Attorney's Office and the FBI regarding Chad Croner and/or David R. Hinkson;

7. A copy of all handwritten notes, or notes in any other form, by every person in the U.S. Attorney's Office concerning communications with any person at the FBI regarding Chad Croner and/or David R. Hinkson;

8. A copy of all handwritten notes, or notes in any other form, by every person in the Office of the FBI and any other party regarding Chad Croner and/or David R. Hinkson;

9. A copy of all written communications between FBI Special Agent William Long and/or any person in the U.S. Attorney's Office regarding Chad Croner and/or David R. Hinkson;

10. A copy of all handwritten notes, or notes in any other form, by FBI Special Agent William Long concerning communications with any person regarding Chad Croner and/or David R. Hinkson;

11. A copy of all written communications between FBI Special Agent William Long and/or David A. Meyer, and/or any other person in the U.S. Marshal's Office regarding Chad Croner and/or David R. Hinkson;

Mr. Michael P. Sullivan
December 26, 2004
Page 3 of 4

12. A copy of all handwritten notes, or notes in any other form, by David A. Meyer and/or any other person in the U.S. Marshal's Office regarding Chad Croner and/or David R. Hinkson;

13. A copy of all correspondence between counsel for Chad Croner and the agencies of the United States including the U.S. Attorney's Office, Probation Department, FBI or any other agency whatsoever;

14. All written reports of communications between Chad Croner and each and every representative of the United States;

15. All written reports concerning communications between Chad Croner and David R. Hinkson;

16. All written reports concerning information obtained by Chad Croner from David R. Hinkson;

17. All handwritten notes, or notes in any other form, of FBI Special Agent William Long concerning discussions and/or debriefing sessions between Chad Croner and FBI Special Agent William Long;

18. All handwritten notes, or notes in any other form, AUSA Michael P. Sullivan and/or any other member of the U.S. Attorney's Office concerning discussions and/or debriefing sessions involving Chad Croner in which AUSA Michael P. Sullivan and/or any other member of the U.S. Attorney's Office participated;

19. A complete copy of Chad Croner's full criminal history with record of all arrests and convictions;

20. A complete copy of each and every pre-sentence report for Chad Croner relative to his offenses against the United States;

21. Transcripts of all sentencing hearings wherein a plea was discussed and/or taken from Chad Croner (if not transcribed, provide the date, time and courtroom of each such sentencing hearing and the name of the court reporter attending such hearing(s));

22. The name of each person and the name of the agency by whom each such person is employed, who has served or worked as a 'handler' and/or 'government contact' for informant Chad Croner at any time regarding the present case and all other cases, and provide, with respect to each such person, all reports, statements, declarations, notes of

Mr. Michael P. Sullivan
December 26, 2004
Page 4 of 4

---

   conversations or any other written information what-so-ever concerning cases about which he has informed the U.S. government or any state or local government.

23. Provide a copy of all recordings of every communication from David R. Hinkson that was recorded by Chad Croner and all transcripts thereof;

24. Explain each and every reason for the delay by the U.S. Attorney's Office in surrendering information regarding Chad Croner's and David R. Hinkson until December 22, 2004, when said information was purportedly known to the prosecution as early as November 22, 2004;

25. With regard to the prior acts of Chad Croner as a government informant state: the name and, if applicable, the case number of each person about whom Chad Croner has provided information to the U.S. government and the date, time and place of each alleged crime about which Chad Croner has provided information to the government in the past prior to the prosecution.

26. Provide Chad Croner's date of birth, social security number and the names of hospitals and doctors from whom he has received treatment in the last 10 years.

   The above information is needed on or before the close of business Monday, December 27, 2004 in order to have sufficient time to complete an investigation regarding Mr. Croner and be prepared for the up coming trial of Mr. Hinkson set for January 10, 2004.

                                                        Very truly yours,


                                                        Wesley W. Hoyt

WWH:sjh
cc: client



# U.S. Department of Justice

Criminal Division

_Counterterrorism Section_                                                        Washington, D.C. 20530

December 27, 2004

Wesley W. Hoyt
Extended Stay America
2500 South Vista Ave.
Boise, Idaho 83705

RE: David Hinkson

Dear Mr. Hoyt,

    I write in response to your letter of Dec. 26, 2004, regarding government witness Chad Croner. Your letter requests the production of numerous items that the government does not believe you are entitled to, under any discovery rule, with these exceptions. The government will search for, and provide to you a criminal history of Croner. Also, the government will seek an order from Judge Edward Lodge to deliver to you any Brady/Giglio material contained in Croner's PSI Report. Also, the government will provide to you a copy of any Rule 35 motion filed by the government on his behalf. Lastly, I advise you that Croner did not electronically record any statements by Hinkson, so there are no tapes or transcripts thereof.

    If you have any questions regarding the above, feel free to call me at 202/353-3125.

Sincerely yours,

Michael P. Sullivan
Assistant U.S. Attorney



DEFENDANT'S EXHIBIT



U.S. Department of Justice

Criminal Division

---

*Counterterrorism Section*                           Washington, D.C. 20530

December 30, 2004

Wesley W. Hoyt, Esq.
Extended Stay America
2500 South Vista Ave.
Boise, Idaho 83705

Dear Mr. Hoyt,

    Pursuant to the government's *Brady/Giglio* obligation, please find enclosed an NCIC printout on witness Chad Croner. The government also intends to file a motion with Judge Lodge to permit the unsealing of the government's §5k1.1 motion filed on behalf of Croner prior to his sentencing; and also to unseal the PSIR pertaining to Croner. The government will thereafter provide you with the motion and any favorable-type information that may be contained in the PSIR.

                                     Sincerely yours,

                                      Michael P. Sullivan
                                      Assistant U.S. Attorney



DEFENDANT'S EXHIBIT