2005 JAN 12 PM 1:26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID ROLAND HINKSON,<br><br>    Defendant. | Case No. CR-04-127-S-RCT<br><br>**MEMORANDUM ORDER REGARDING MOTION FOR RELIEF FROM WAIVER OF VINDICTIVE PROSECUTION DEFENSE** |

Pending before the Court is Defendant David Roland Hinkson's Motion for Relief from Waiver of Vindictive Prosecution Defense Based on Good Cause (Docket # 137) filed moments before the jury was sworn to try this cause on

**MEMORANDUM DECISION AND ORDER re MOTION FOR RELIEF- 1**

January 11, 2005; and the dependent Motion to Dismiss Superseding Indictment for Prosecutorial Misconduct, Outrageous Governmental Conduct and Vindictive Prosecution (and Request for Discovery, Evidentiary Hearing and Sanctions) (Docket # 138).

Defendant argues that the Government acted in bad faith by delaying the discovery of "'smoking gun' exculpatory evidence." The evidence that Defendant relies upon is the Federal Bureau of Investigation Report (Form 302) of a telephone interview by an agent in Salt Lake City, Utah, regarding the statements of brothers Gustavo Martinez-Piedras and Juan Carlos Martinez-Piedras who were reportedly in Mexico when interviewed. The report states that in the conversation the Martinez-Piedras brothers deny the allegations made by their sister, Mariana Raff, regarding Hinkson's attempt to hire them to murder federal officials.

Defendant grossly mischaracterizes both the significance and the relevance of the information provided in the FBI Form 302 report. As the Court found when it recently denied Defendant's Motion for *De Novo* Detention Hearing:

> Defendant's argument that the release of the brothers' statements is an admission by the United States that Mariana Raff lied and must have provided false information is without merit. The Court is simply faced with conflicting evidence on a fact no longer relevant to the detention issue. There is no way to resolve the conflict because Raff

**MEMORANDUM DECISION AND ORDER re MOTION FOR RELIEF- 2**

> and her brothers are in Mexico and are beyond the reach of this
> Court's process. The Court has no basis on which to find that the
> Martinez-Piedras brothers are more credible than Mariana Raff.
> Without more, it would be reasonable to give more credit to Mariana
> Raff's statements than her brothers because her statements were in
> part against her own penal interests: she previously admitted to aiding
> in the solicitation to murder others. Her brothers' exculpatory
> statements were entirely in their own self-interests: they deny any and
> all allegations of wrongdoing on the part of themselves, their sister,
> and Hinkson from the relative safety of a place from which it would
> be very difficult to extract them or obtain reliable sworn testimony in
> conformance with law and treaties to prove otherwise.

Order, at 5, n.1 (Docket # 129). Further, the Government informed the Court weeks ago that it did not intend to rely on Mariana Raff's testimony and so may reasonably have thought that this information was not discoverable because it is irrelevant to the proceedings in the Solicitation Case. Had the Government disclosed this information prior to the November 8, 2004, pretrial motions filing deadline (which Defendant has repeatedly ignored), the proffered evidence would still not have been sufficient to show prosecutorial misconduct. Therefore, Defendant has not presented the Court with any evidence to support a showing of good cause to excuse the untimely filing.

Moreover, Defendant fails to explain why he waited until January 11, 2005, just before the jury was to be sworn in the Solicitation Case, to file this motion.

**MEMORANDUM DECISION AND ORDER re MOTION FOR RELIEF- 3**

The basis for the motion is information disclosed by the Government to the Defendant on December 6, 2004. The Court noted on the record on December 7, 2004, when defense counsel vigorously argued that the Raff evidence was relevant to his defense, that no motion had been filed to take evidence in foreign countries under the applicable Mutual Legal Assistance Treaty between the United States and Mexico, despite Defendant's knowledge of the Raff allegations since April 2003, and thus the issue was not properly then pending before this Court. The Defendant therefore had ample notice and over one month to file motions related to this report, and in fact filed a separate motion based on that same evidence, *see* Docket # 106, and so had sufficient time to bring this motion at an earlier date than on the brink of jeopardy attaching. Filing it on the day the jury is sworn and the trial is beginning does nothing but divert the Court's attention from more pressing trial-related issues such as ruling on the admissibility of contested transcripts and other proffered trial evidence.

Accordingly, the Defendant's Motion for Relief from Waiver of Vindictive Prosecution Defense Based on Good Cause (Docket # 137) is DENIED as both untimely with no adequate excuse for non-compliance and for lack of merit because no good cause has been shown. His dependent Motion to Dismiss

**MEMORANDUM DECISION AND ORDER re MOTION FOR RELIEF- 4**

Superseding Indictment for Prosecutorial Misconduct, Outrageous Governmental Conduct and Vindictive Prosecution (and Request for Discovery, Evidentiary Hearing and Sanctions) (Docket # 138) is DENIED as untimely and will not be considered.

IT IS SO ORDERED.

DATED this 12th day of January, 2005, at Boise, Idaho.

_____
RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation

**MEMORANDUM DECISION AND ORDER re MOTION FOR RELIEF- 5**