IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-04-0127-S-RCT |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ROLAND HINKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FINAL JURY INSTRUCTIONS**

DATED this **25ᵗʰ** day of January, 2005.

RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation

**FINAL JURY INSTRUCTIONS**                                                     1

TABLE OF CONTENTS

| Instruction Number | Description |
|---|---|
| 1 | Introduction |
| 2 | Use of the Superceding Indictment |
| 3 | Charge Against Defendant is Not Evidence; Presumption of Innocence and Burden of Proof |
| 4 | Reasonable Doubt |
| 5 | What is Evidence |
| 6 | What is Not Evidence |
| 7 | Direct and Circumstantial Evidence |
| 8 | Activities Not Charged |
| 9 | Defendant's Decision to Testify |
| 10 | Statements by the Defendant |
| 11 | Character of Defendant |
| 12 | Other Crimes, Wrongs or Acts of Defendant |
| 13 | Credibility of Witnesses |
| 14 | Character of Witness for Truthfulness |
| 15 | Testimony of Witnesses Involving Benefits, Immunity or Pleas |
| 16 | Government Use of Informants |
| 17 | Expert Witness, Opinion Evidence |
| 18 | Transcripts of Recordings |
| 19 | Diagram in Evidence |
| 20 | Separate Consideration of Multiple Counts |
| 21 | Use of the Conjunction "And" |
| 22 | Solicitation to Commit a Crime of Violence – 18 U.S.C. §§ 373, 1114 |

**FINAL JURY INSTRUCTIONS**

| 23 | Elements of Solicitation to Commit a Crime of Violence – 18 U.S.C. §§ 373, 1114 |
| 24 | Strongly Corroborating Circumstances |
| 25 | Making Threats Against Family Members of a United States Official – 18 U.S.C. § 115(a)(1)(A) |
| 26 | Elements of Making Threats Against Family Members of a United States Official – 18 U.S.C. § 115(a)(1)(A) |
| 27 | True Threat |
| 28 | "On or About" Defined |
| 29 | Deliberations |
| 30 | Consideration of the Evidence |
| 31 | Use of Notes |
| 32 | Jury Consideration of Punishment |
| 33 | Verdict Form |
| 34 | Communication with the Court |

**FINAL JURY INSTRUCTIONS**

INSTRUCTION No. 1

## Introduction

Members of the jury: now that you have heard all the evidence it is my duty to instruct you on the law that applies to this case. Each of you will receive a copy of these instructions so that you may consult them during your deliberations.

It is your duty to find the facts from all the evidence in this case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of this case.

When following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read any suggestion into these instructions or into anything I may have said or done that affects what verdict you should return—that is a matter entirely up to you.

INSTRUCTION No. 2

**Use of the Superceding Indictment**

At the beginning of the trial, I generally described the charges against the Defendant that you must decide. I will give you a copy of the Superceding Indictment to take into the jury room to aid you in your deliberations. The label "Superceding" merely means that the original Indictment was amended. You need not concern yourself with the reason why. Selected portions have been redacted from the copy of the Superceding Indictment I will give you. You should not speculate or guess as to the reason why the portions are missing or what they were.

**FINAL JURY INSTRUCTIONS**

INSTRUCTION No. 3

**Charge Against Defendant is Not Evidence**

**Presumption of Innocence and Burden of Proof**

The Superceding Indictment is not evidence.  The Defendant, David Roland Hinkson, has pleaded not guilty to the charges contained therein.  Mr. Hinkson is presumed to be innocent and does not have to present any evidence to prove his innocence.  The Government has the burden of proving every element of the charges against him beyond a reasonable doubt.

INSTRUCTION No. 4

**Reasonable Doubt**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense. It is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, you must find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, you must find the Defendant guilty.

**FINAL JURY INSTRUCTIONS**

INSTRUCTION No. 5

**What is Evidence**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

**FINAL JURY INSTRUCTIONS**                                                    8

INSTRUCTION No. 6

**What is Not Evidence**

To reach your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements and what they said in their closing arguments, and anything they may have said at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, follow and rely on your memory of the evidence; your memory controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the Court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**FINAL JURY INSTRUCTIONS**

INSTRUCTION No. 7

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**FINAL JURY INSTRUCTIONS**                                                                    10

INSTRUCTION No. 8

**Activities Not Charged**

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Superceding Indictment.  Your determination must be based solely on the evidence in the case.  The Defendant is not on trial for any conduct or offense not charged in the Superceding Indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to these charges against this Defendant.

**FINAL JURY INSTRUCTIONS**                                                         11

INSTRUCTION No. 9

**Defendant's Decision to Testify**

The Defendant has testified in this case.  You should treat his testimony just as you would the testimony of any other witness.

INSTRUCTION No. 10

**Statements by Defendant**

You have heard testimony that the Defendant made various statements outside of this courtroom. It is for you to decide (1) whether the Defendant made any such statements, and (2) if so, how much weight to give them. When making those decisions, you should consider all of the evidence about each particular statement, including the circumstances under which the Defendant may have made it.

INSTRUCTION No. 11

**Character of Defendant**

You have heard evidence of the Defendant's character for honesty, peacefulness, and truthfulness. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence.

INSTRUCTION No. 12

## Other Crimes, Wrongs or Acts of Defendant

You have seen evidence and heard testimony about the Indictment filed in an earlier criminal case against the Defendant for tax, structuring, and Food and Drug Act violations (the Tax Case Indictment).  You may not consider evidence of the Defendant's guilt in that case as evidence of guilt for the crimes charged here.  The evidence regarding the Tax Case Indictment may only be considered as it bears on the Defendant's motive and intent for the crimes charged here, and for no other purpose.  The fact that another jury found the Defendant guilty in that case should not influence your deliberations in deciding whether the Government has met its burden of proving beyond a reasonable doubt each element of the crimes charged in each Count of the Superceding Indictment in this case.

Additionally, you have heard testimony alleging that Defendant solicited the killing of Grangeville attorney Dennis Albers, and that Defendant made threats to harm Albers's family members.  There are no charges relating to this alleged conduct.  This evidence may only be considered as it bears on the Defendant's motive and intent for the crimes charged here, and for no other purpose.

**FINAL JURY INSTRUCTIONS**                                                          15

INSTRUCTION No. 13

**Credibility of Witnesses**

When deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

You have heard evidence that some witnesses have had felony convictions or have given prior testimony under oath or a statement they may have made outside of the courtroom that is inconsistent with the testimony you heard here at trial. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe these witnesses and how much weight to give to their testimony.

**FINAL JURY INSTRUCTIONS**                                                                 16

INSTRUCTION No. 14

**Character of Witness for Truthfulness**

You have heard evidence of the character for truthfulness of some of the witnesses. You may consider this evidence along with other evidence in deciding whether or not to believe that witness's testimony and how much weight to give to it.

**FINAL JURY INSTRUCTIONS**

17

INSTRUCTION No. 15

**Testimony of Witnesses Involving Benefits, Immunity or Pleas**

You have heard testimony from witnesses who have received or may expect to receive benefits from the Government in connection with their testimony in this case. For this reason, in evaluating their testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine this testimony with greater caution than that of other witnesses.

INSTRUCTION No. 16

**Government's Use of Informants**

You have heard testimony from a witness, James C. Harding, who was involved in the Government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants, in order to apprehend persons engaged in criminal activities. The Government may utilize a broad range of techniques and methods to disclose criminal activity.

**FINAL JURY INSTRUCTIONS**

19

INSTRUCTION No. 17

**Expert Witness, Opinion Evidence**

You have heard testimony from persons who, because of education and experience, are permitted to state expert opinions and the reasons for their opinions.

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons for giving the opinion, and all the other evidence in the case.

**FINAL JURY INSTRUCTIONS**

INSTRUCTION No. 18

**Transcripts of Recordings**

You have listened to tape recordings that have been received into evidence. Remember that I asked you to listen to them carefully when they were played. Each of you were given a copy of the transcript of each recording to help you identify speakers and as a guide to help you listen to each recording. However, bear in mind that the tape recordings are the evidence, not the transcripts. If you heard something different on the recording than what appeared in the transcripts, what you heard is controlling.

**FINAL JURY INSTRUCTIONS**

21

INSTRUCTION No. 19

**Diagram in Evidence**

A diagram has been received into evidence. It is only as good as the underlying supporting testimony. You should, therefore, give the diagram only as much weight as you think the underlying testimony deserves.

INSTRUCTION No. 20

**Separate Consideration of Multiple Counts**

A separate crime is charged against the Defendant in each Count of the Superceding Indictment.  You must decide each Count separately.  Your verdict on one Count should not control your verdict on any other Count.

INSTRUCTION No. 21

**Use of the Conjunction "And"**

Where a statute specifies alternative ways in which an offense may be committed, an indictment may allege the different ways in the alternative; that is, by using the word "and." However, if only one of the alternatives is proven beyond a reasonable doubt, that is sufficient to find the Defendant guilty so long as you agree unanimously to at least one alternative.

**FINAL JURY INSTRUCTIONS**                                              24

INSTRUCTION No. 22

**Solicitation to Commit a Crime of Violence - 18 U.S.C. §§ 373, 1114**

The Defendant has been charged in Counts One through Nine of the Superceding Indictment with the crime of soliciting the killing of a United States official or employee under Title 18 of the United States Code § 373, specifically soliciting the killing of Assistant United States Attorney Nancy Cook, Internal Revenue Service Special Agent Steven Hines, and United States District Judge Edward J. Lodge.

Section 373 makes it illegal for a person to:

> with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicit, command, induce, or otherwise endeavor to persuade such other person to engage in such conduct.

The "conduct constituting a felony" alleged here is the crime of killing or attempting to kill a Federal official in violation of Title 18 of the United States Code § 1114.  Under section 1114:

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished.

**FINAL JURY INSTRUCTIONS**                                                                25

INSTRUCTION No. 23

**Elements of Solicitation to Commit a Crime of Violence - 18 U.S.C. §§ 373, 1114**

Under Title 18 of the United States Code § 373, the Government must prove each of the following elements beyond a reasonable doubt:

1.  the Defendant had the intent that another person engage in a crime of violence: to kill or attempt to kill a third person (the intended victim);

2.  the Defendant's intent was strongly corroborated by the circumstances;

3.  the Defendant solicited, commanded, induced, or otherwise tried to persuade that other person to commit the offense;

4.  the intended victim was either an employee of the United States or any agency in any branch of the United States Government; and

5.  the Defendant intended that the crime of violence be committed while the intended victim was engaged in, or on account of, the performance of his or her official duties as an employee of the United States or any agency in any branch of the United States Government.

Solicitation is the act of requesting or seeking to obtain something. In this case, solicitation is the same as urging, commanding, inciting, or otherwise requesting another person to commit a crime of violence as defined above.

The Government does not have to prove that anyone actually killed or attempted to kill a Federal officer or employee. You need only find that the conduct solicited would be conduct constituting the felony crime of violence under section 1114.

**FINAL JURY INSTRUCTIONS**                                                          26

INSTRUCTION No. 24

## Strongly Corroborating Circumstances

The Government must prove beyond a reasonable doubt that the Defendant's intention, sometimes called his state of mind, to solicit murder is strongly corroborated by the circumstances. Whether the circumstances are "strongly corroborative" is a matter for you to decide. You may consider the following circumstances in making your determination, but no single circumstance controls your finding. Similarly, you do not have to find any of these circumstances to find that the Government has proved strongly corroborative circumstances. These are simply illustrative circumstances that are designed to assist you in your deliberations:

1. the fact that an accused offered or promised payment or some other benefit to the person solicited if he would commit the offense; or

2. the fact that an accused threatened harm or some other detriment to the person solicited if he would not commit the offense; or

3. the fact that an accused repeatedly solicited the commission of the offense, held forth at length in soliciting the commission of the offense, or made express protestations of seriousness in soliciting the commission of the offense; or

4. the fact that an accused believed or was aware that the person solicited had previously committed similar offenses; or

5. the fact that an accused acquired weapons, tools or information suited for use by the person solicited in the commission of the offense, or made other apparent preparations for the commission of the offense by the person solicited.

**FINAL JURY INSTRUCTIONS**                                                27

INSTRUCTION No. 25

**Making Threats Against Family Members of a United States Official - 18 U.S.C. §**

**115(a)(1)(A)**

The Defendant has been charged in Counts Ten and Eleven with making specific enumerated threats against the immediate family members of a United States official (Assistant United States Attorney Nancy Cook) and a Federal law enforcement officer (Special Agent Steven Hines, Criminal Investigation Division, Internal Revenue Service) under Title 18 of the United States Code § 115(a)(1)(A).

Section 115(a)(1)(A) provides in relevant part that:

> Whoever threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, or a Federal law enforcement officer with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished.

**FINAL JURY INSTRUCTIONS**                                                                      28

INSTRUCTION No. 26

**Elements of Making Threats Against Family Members of a United States Official - 18 U.S.C.**

**§ 115(a)(1)(A)**

Under Title 18 of the United States Code § 115(a)(1)(A), the Government must prove each of the following elements beyond a reasonable doubt:

1.  the Defendant made a true threat to assault, kidnap or murder a person;

2.  the person threatened was an immediate family member of a Federal law enforcement officer or a United States official; and

3.  the Defendant made the threat with the intent to either:

    a.  impede, intimidate, or interfere with the Federal law enforcement officer or the United States official while engaged in the performance of his or her official duties; or

    b.  retaliate against a Federal law enforcement officer or a United States official on account of the performance of his or her official duties.

The Government may prove any of these intentions: either the intent to impede, the intent to intimidate, the intent to interfere, or the intent to retaliate. The Government does not have to prove all of these intentions, just one of them is sufficient if established by proof beyond a reasonable doubt so long as you agree unanimously to that one intention.

The Government does not have to prove that the Defendant actually intended to carry out the threat. The Government also does not have prove that the Defendant was able to carry out the threat.

**FINAL JURY INSTRUCTIONS**                                                    29

INSTRUCTION No. 27

### True Threat

A threat is a statement that expresses an intent to inflict bodily harm on someone. Not all threats are criminal; the threat must be a "true threat" to constitute a criminal act. To find that Defendant made a true threat, you must determine whether a reasonable person making such a statement would foresee that the statement would convey or be interpreted by those to whom the maker communicates the statement as the serious expression of intent to harm or assault. The Government has the burden of proving beyond a reasonable doubt that a reasonable person making the statement, in the context and circumstances surrounding the communication, would foresee the communication as a genuine threat to injure another person. The Government is not required to prove that the Defendant subjectively intended the listener to understand that the communication was a threat or that the listener perceived the statement as a threat. It is sufficient if a reasonable person making the statement would understand it to be a true threat.

You should consider the statement in light of its entire factual context, including the surrounding events, reaction of the listeners, and the manner and tone in which it was made. If you think that the statement can be reasonably interpreted under the circumstances as either threatening or nonthreatening then it has not been proven beyond a reasonable doubt. But, the fact that the threat is subtle or lacks explicit threatening language does not make it less of a true threat.

A threat may be made in any number of ways, such as in person, in a phone call, in a letter, or via electronic mail. However, a threat has to be made to somebody. If it was said and no one heard it, it cannot be a threat. Additionally, a threat does not have to be communicated to the intended victim; it just needs to be communicated to someone.

**FINAL JURY INSTRUCTIONS**                                                                        30

INSTRUCTION No. 28

**"On or About" Defined**

You will note that the Superceding Indictment charges that an offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**FINAL JURY INSTRUCTIONS**

31

INSTRUCTION No. 29

**Deliberations**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION No. 30

**Consideration of the Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Again, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION No. 31

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

INSTRUCTION No. 32

**Jury Consideration of Punishment**

The punishment provided by law is for the Court to decide.   You may not consider punishment when deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

**FINAL JURY INSTRUCTIONS**                                                                                           35

INSTRUCTION No. 33

**Verdict Form**

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom to deliver it.

**FINAL JURY INSTRUCTIONS**                                                                              36

INSTRUCTION No. 34

## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open Court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.